UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

SAMIRA MCDANIEL,
                  Defendant.

------------------------------------X

09 Cr 356-01(RWS)

SENTENCING
OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/09

**Sweet, D.J.**

On April 29, 2009, Samira McDaniel ("McDaniel" or "Defendant") plead guilty to Access Device Fraud in violation of 18 U.S.C. § 1029. For the reasons set forth below, McDaniel will be sentenced to three years' probation with 6 months' location monitoring. McDaniel will also be required to pay restitution in the amount of $19,083 and a special assessment of $100.

**Prior Proceedings**

On April 9, 2009, Information 09-CR-356 (RWS) was filed in the Southern District of New York. Count I charges that from September 2007 through October 2008, in the Southern

1

District of New York and elsewhere, McDaniel used credit cards, without authorization, that she obtained in the name of a deceased individual and obtained goods and money in excess of $1,000 within a one-year period.

On April 29, 2009, McDaniel appeared before the Honorable Theodore H. Katz in the Southern District of New York and plead guilty to Count I as charged pursuant to a written plea agreement.

On October 26, 2009, the Court received a Sentencing Memorandum from defense counsel requesting a sentence of probation.

Sentencing is scheduled for November 9, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. §

3553(a), including the advisory Sentencing Guidelines ("Guidelines") established by the United States Sentencing Commission.  Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

>   (7)   the need to provide restitution to any victims of
>         the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to McDaniel's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

In 2006 and 2007, neighbors (wife and husband, respectively) of McDaniel passed away. At some point after their deaths, the United States Postal Service letter carrier who is assigned to the postal route that includes both the victims' and McDaniel's addresses observed mailings addressed to the deceased wife that appeared to contain credit cards.

The letter carrier alerted the executor of the deceased couple's estate of the mailings. The executor then contacted the couple's daughter to inquire whether she had any knowledge of credit cards being created in her mother's name after her death. In July 2008, the executor of the estate obtained credit reports in the deceased wife's name. The credit reports indicated that approximately eight credit cards had been applied for and issued in her name after her and her husband's deaths.

On April 3, 2008, a utility bill payment to

Consolidated Edison (ConEd) in the amount of approximately $665 was charged by McDaniel using one of the fraudulently obtained credit cards. The bill was for utilities at McDaniel's residence, 1036 East 227th Street, Bronx, New York. On May 23, 2008, McDaniel used one of the fraudulently obtained credit cards to pay a "Driver Responsibility Assessment" fee from the New York State Department of Motor Vehicles ("NYSDMV") in the amount of approximately $100. According to records obtained from the NYSDMV, this payment was made online with the e-mail address smack120878@yahoo.com and in the name "Samira M. McDaniel" and the address 1036 East 227th Street, Bronx, New York.

On October 29, 2008, a case agent with the United States Postal Inspection Service interviewed McDaniel. At that time, McDaniel admitted that she obtained the victim's personal identification information, including the victim's Social Security number. McDaniel further admitted that she used the victim's personal identification information to apply for credit cards in the victim's name and had the credit cards sent to the victim's address. In addition, McDaniel admitted that upon the victim's daughter's request after her parents' deaths, she collected the victim's mail daily, which is where she obtained

6

the victim's personal information. McDaniel stated that she used the credit cards to pay for various items, including utilities at her home.

McDaniel was arrested on December 10, 2008.

The victims include at least three individuals, credit card companies, a utility company, and the NYSDMV. The credit card companies lost the following amounts: American Express, $1,225; Citibank, $10,751; JP Morgan Chase, $5,586; Capital One, $1,521. The total loss to the credit card companies was $19,083.

**The Relevant Statutory Provision**

Pursuant to 18 U.S.C. § 1029(a)(5), the maximum term of imprisonment is 15 years.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Defendant is eligible for not less than one nor more

than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. § 3563(a)(2).

The maximum fine to be imposed is $250,000, pursuant to 18 U.S.C. § 1349. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Full restitution to the victims is required under 18 U.S.C. § 3663A and 18 U.S.C. § 3664.

**The Guidelines**

The November 1, 2008 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a). Pursuant to a written plea agreement, the parties stipulate to the following:

The guideline for the violation of 18 U.S.C. § 1029 is found in § 2B1.1 of the Guidelines. Pursuant to § 2B1.1(a)(2),

the base offense level is six.

Defendant caused a loss of $19,083. Pursuant to § 2B1.1(b)(1)(C), the offense level is increased by four levels.

Because McDaniel used the victim's social security number and personal information to facilitate the crime, the offense level is increased by two levels pursuant to § 2B1.1(b)(10)(C)(i).

Based on her statements and allocution before the Court, the Defendant has shown recognition of responsibility for the offense. Pursuant to § 3E1.1(a), the offense level is reduced by two levels.

Accordingly, the applicable offense level is 10.

Defendant has no criminal convictions and therefore has zero criminal history points and a Criminal History Category of I, pursuant to the table at Chapter 5, Part A of the Guidelines.

Based on a total offense level of 10 and a Criminal

History Category of I, the Guidelines range for imprisonment is 6 to 12 months.  Pursuant to § 5C1.1(c), the minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment.

The Guidelines range for a term of supervised release is at least two years but not more than three years, pursuant to § 5D1.2(a)(2).  If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b).  Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Because the applicable Guidelines range is in Zone B of the Sentencing Table, Defendant is eligible, pursuant to § 5B1.1(a)(2), for probation provided that the Court imposes a

condition or combination of conditions requiring intermittent confinement, community confinement, or home detention for at least six months as provided by § 5C1.1(c)(3). If the Court imposes probation, the term must be at least one year but not more than five years because the offense level for the instant offense is 10, pursuant to § 5B1.2(a)(1).

The fine range for the instant offense is $2,000 to $20,000, pursuant to § 5E1.2(c)(3)(A) and (c)(4). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,157.88 to be used for imprisonment, a monthly cost of $311.94 for supervision, and a monthly cost of $1,990.13 for community confinement.

In accordance with the provisions of § 5E1.1, restitution is required. In determining the amount of restitution, the Court shall consider the amount of loss the victim suffered as a result of the offense, the financial resources of the defendant, the financial needs of the defendant

11

and her dependents, and other factors deemed appropriate.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, imposition of a Guidelines sentence is warranted.

## The Sentence

For the instant offense, McDaniel will be sentenced to three years' probation, with the special condition of six months' location monitoring.

McDaniel is directed to report to the nearest United States Probation Office within 72 hours of release from custody. It is recommended that McDaniel be supervised by the district of her residence.

As mandatory conditions of her probation, McDaniel shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended based on the Court's determination that McDaniel poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed, along with the following special conditions:

1) Defendant shall provide the probation officer with access to any requested financial information.

2) Defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

3) Defendant shall participate in a mental health

program approved by the U.S. Probation Office.  Defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider.  Defendant shall contribute to the costs of services rendered not covered by third-party payment, if Defendant has the ability to pay.  The Court authorizes the release of available psychological and psychiatric evaluations and reports to the health care provider.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that Defendant is able to pay a fine, and so the fine in this case shall be waived.  A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Defendant shall pay restitution in the amount of $1,255 to American Express; $5,586 to JP Morgan Chase; $1,521 to Capital One; and $10,751 to Citibank.  Payment shall be made in monthly installments of at least $300 over a period of supervision to commence 30 days after the date of the judgment. In formulating the suggested schedule of payments for restitution, the provisions of 18 U.S.C. § 3664(f)(2) have been considered.

Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting or derived from the proceeds of the present offense.

The terms of this sentence are subject to modification at the sentencing hearing.

It is so ordered.

New York, NY
November 9, 2009

ROBERT W. SWEET
U.S.D.J.